### F. H. NEAL v. J. S. YATES.

(Filed 4 November, 1920.)

**Appeal and Error—Harmless Error—Instructions—Expression of Opinion.**

An excerpt from the instructions of the court to the jury, in effect, that the one party had offered evidence on the issue to support his contentions, and the other, evidence "which he says" supports his contention, though objectionable as the expression of an opinion, will be regarded as harmless when, construing the charge as a whole, the jury must have correctly understood the law.

CIVIL ACTION, tried before *Ray, J.,* at April Term, 1920, of NASH, upon these issues:

"1. Is the defendant indebted to the plaintiff, and if so, in what sum? Answer: '$500.'

"2. Is the plaintiff indebted to the defendant, and if so, in what sum? Answer: 'No.'"

From the judgment rendered the defendant appealed.

*R. A. Doughton and Bowie & Austin for plaintiff.*
*G. L. Park and Charles B. Spicer for defendant.*

BROWN, J. On 13 March, 1917, the plaintiff and defendant entered into a written contract (which contract is fully set out in the record), by the terms of which the defendant contracted to sell, and the plaintiff contracted to purchase, one hundred thousand feet of lumber; the plaintiff sued the defendant for an alleged breach of said contract, and the defendant denies the breach and alleges the plaintiff breached the contract and set up counterclaim for damages.

The defendant's first assignment of error is as follows: "Upon the contentions, gentlemen, the plaintiff and defendant have offered you evidence. Each contend that you believe their contentions, and by reason of the plaintiff offering evidence which supported his contention, and the defendant offering evidence which he says supports his contentions, and it being at variance, it raises what is known to the law as an issue of fact—"

It is contended by the defendant that his Honor expressed an opinion upon the weight of the evidence in his charge when he stated that the plaintiff offered evidence which supported his contention, and the defendant offered evidence *which he says* supports his contentions. Standing alone, we would say, without hesitation, that this charge amounted, in a measure, to an expression of an opinion of the weight of the supporting evidence offered by the plaintiff, but we think, upon an examination of the entire charge, that the jury fully understood that the evidence

offered by the plaintiff was intended to support the plaintiff's version of the facts. It is not altogether fair to a trial judge to take one excerpt from a charge. It must be construed with the context and in connection with the whole charge. *S. v. Lilliston,* 141 N. C., 857; *Liles v. Lumber Co.,* 142 N. C., 39.

Where the charge covers the entire case, as this did, and the matters in controversy are submitted fairly and correctly to the jury, there is no just ground for complaint.

We have examined the other assignments of error and find them to be without merit.

No error.